SEXTON, Judge,
dissenting.
This case holds that a vehicle dealer who sells a vehicle to another on credit and gives the vendee sufficient paperwork to allow that vendee to obtain a clear title under the certificate of title law, LSA-R.S. 32:701, et seq., waives his vendor’s privilege thereby. ' That is, no doubt, a good practical result.
However, I think that this view does not afford the vendor’s lien its just due. The waiver jurisprudence cited in the opinion deals with express waiver. Here the majority holds that the failure to take action operates as the waiver. I have been unable to locate any jurisprudence recognizing passive action as a waiver of a security device.
The opinion is also based on the concept that where two innocent parties lose because of the conduct of the third party, the burden of the loss should be borne by he who most contributes to it. Typically, in the supporting citations, A sells to B who sells to C. These all involve sales of vehicles of some sort in which the winner is the party whose actions contributed least to the mischief-maker’s having an apparent good title. None of the cases involve a contest between security devices, or even a contest between a security device and equity. So, the result of the application of the aforesaid equitable principle to the instant facts is that an unfavored concept, equitable estoppel, overcomes positive law.
I recognize that the view here expressed makes it difficult for a good faith lender to protect himself against a vendor’s lien, but that has long been the case in Louisiana.